**Opinion filed July 30, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-25-00332-CR

_____

## SHAWN MICHAEL RACHAL JR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 2
Denton County, Texas[1]
Trial Court Cause No. CR-2023-06110-B**

## M E M O R A N D U M   O P I N I O N

Appellant, Shawn Michael Rachal Jr, pled no contest to assault causing bodily injury, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2026). Pursuant to the terms of a negotiated plea agreement between Appellant and

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2025).

the State, the trial court sentenced Appellant to 350 days' confinement in the county jail but suspended the imposition of that sentence and placed Appellant on community supervision for eighteen months.

The State subsequently moved to revoke Appellant's community supervision, alleging nine violations: Appellant failed to pay various fees in violation of Rule (D), (15), and (17) of the rules of community supervision; Appellant failed to pay a fine and court costs in violation of Rule (H) of the rules of community supervision; Appellant tested positive for alcohol in violation of Rule (L-1) of the rules of community supervision; Appellant admitted to drinking alcohol in violation of Rule (L-2) of the rules of community supervision; Appellant failed to complete community service hours in violation of Rule (I) of the rules of community supervision; Appellant failed to complete the Domestic Violence Impact Panel in violation of Rule (11) of the rules of community supervision; and Appellant failed to complete the Batterer's Intervention Program in violation of Rule (14) of the rules of community supervision. At a hearing on the State's motion, the State abandoned the allegation concerning Appellant testing positive for alcohol. Appellant pleaded "true" to the Rule (L-2) allegation and "not true" to all other allegations. Upon conclusion of the hearing, and having considered the evidence presented, the trial court found allegations concerning Rule (L-2), (I), (11), and (14) in the State's motion to be "true," revoked Appellant's community supervision, and assessed a term of confinement of 250 days in the county jail. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no meritorious or arguable grounds to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to

withdraw, an explanatory letter, and copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to (1) object to counsel's motion, (2) review the record, (3) file a pro se response to counsel's brief, and (4) file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant did not file a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the brief and the record, and we conclude that this appeal is without merit. In a revocation proceeding, the State need only prove a violation of a term or condition of community supervision by a preponderance of the evidence—the greater weight of credible evidence that would create a reasonable belief that the probationer has violated a term or condition of his community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet. ref'd). In this setting, the trial court, as the trier of the facts, is the sole judge of the credibility of the witnesses, and the weight to be afforded their testimony, and may resolve any inconsistencies in their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

Although we review a trial court's revocation decision under an abuse of discretion standard, *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona*, 665 S.W.2d at 493, we review the evidence presented at a revocation proceeding in the light most favorable to the trial court's ruling. *Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Here, Appellant pled "true" to one of the violations alleged, which the trial court

accepted and found to be "true."  We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd).  In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke community supervision.   *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).  Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]  *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


July 30, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.